## Commonwealth v. Kern

*Russell H. Yoder*, for Commonwealth.
*Emanuel Weiss*, for defendant.

HESS, J., June 26, 1951. — Defendant George W. Kern was indicted upon charges of assault and battery, aggravated assault and battery, and assault and battery with intent to kill. The indictment grew out of the shooting of James H. Durdan on the evening of October 12, 1950, in the vicinity of defendant's home in Spring Township, Berks County. The boy who was shot, along with other boys, had been engaged in perpetrating Halloween pranks in the neighborhood when he was struck by a bullet from an unseen rifle. The jury convicted defendant on the count of aggravated assault and battery, and he has filed motions in arrest of judgment and for a new trial which have been argued before the court en banc.

The evidence produced by the Commonwealth was largely circumstantial, and at no time could the prose-

cution directly connect the bullet in the boy's body with the .22 caliber rifle found in defendant's home for the reason that owing to the position of the bullet it was not removed and remains imbedded in Durdan's body. A prosecuting witness testified that when he was taking defendant to the Berks County Jail he asked the latter: "Do you know how old the boy is *you shot?*" An answer to that question indicated that defendant thought the boys were between 15 and 18 years of age. The form of this question and the answer given were submitted to the jury by the prosecution with the contention that together they should be considered by the jury as an admission that defendant shot the boy. At the argument, counsel for the defense pointed out that according to notes taken of what the same witness testified to at the preliminary hearing, the question had actually been asked by the witness in the following form: "Do you know how old the boy is *who was shot?*" The witness in question has been interrogated by the court, and he very fairly and commendably states that his notes and his actual recollection indicate that he asked the question of defendant in the form, "Do you know how old the boy is *who was shot?*", and he also states that at the preliminary hearing he testified to the question in that form. At the trial his notes were not available and, accordingly, he did not have before him the exact form of the question asked of defendant.

The question as actually asked of defendant and as submitted to the jury by the witness is materially at variance. The inference to the jury that the testimony be construed as an admission is far stronger in the phraseology "you shot" than in the language "who was shot". The latter imports knowledge of the age of the boy who was shot, but not necessarily an admission that defendant shot the boy. The former could well be construed as inferring that defendant admitted

knowing the age of the boy he shot. Under the circumstances and in the interest of justice, a new trial must be awarded. Removing from the case the testimony we have discussed, there remains only circumstantial evidence which at best is not overwhelming in nature. We, of course, have no way of knowing upon what evidence the jury relied in convicting defendant, but certainly it is fair to assume that the jury gave some weight to the disputed evidence.

In view of our conclusion it is not necessary to consider the matters raised by defendant in connection with his motions in arrest of judgment and for a new trial. In justice to both the prosecution and the defense, a new trial is in order.

And now, to wit, June 26, 1951, defendant's rule in arrest of judgment is discharged and the rule for a new trial is made absolute.